UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br> v.<br><br>ADEL BALAHI dba ADEL'S SNACKS & MORE; THANH SMITH, Trustee of the REVOCABLE LIVING TRUST AGREEMENT OF THANH SMITH DATED THE 18TH DAY OF MAY, 1994,<br><br>    Defendants. | Case No. 1:21-cv-01334-NONE-BAM<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF FROM SERVICE DEADLINE**<br><br>(Doc. 9) |

  Currently before the Court is Plaintiff Darren Gilbert's ("Plaintiff") motion to extend the time for service of the summons and complaint on Defendants Adel Balahi dba Adel's Snacks & More and Thanh Smith, Trustee of the Revocable Living Trust Agreement of Thanh Smith Dated the 18th Day of May 1994. (Doc. 9.)

  Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of the summons and complaint and provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, a showing of good cause requires the Court to grant an extension of

time for service. *Id.* However, absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the action without prejudice. *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the terms of the rule, the court's discretion is broad.").

Here, ninety (90) days have passed since Plaintiff filed the complaint on September 3, 2021, and summons issued on September 7, 2021. In the motion, Plaintiff reports that despite diligently attempting to serve Defendants in Merced, California, Plaintiff has not been able to effectuate service to date. (Doc. 9.) Plaintiff requests an additional sixty (60) days to complete service and that the time of service be extended to January 31, 2022.

Having considered the moving papers, the Court will exercise its discretion to order that service be made by no later than January 31, 2022. However, it is not clear from Plaintiff's moving papers whether good cause exists to extend the deadline as Plaintiff has not explained efforts made to effectuate service and has not otherwise identified the reasons for any delay in service. In any further request for relief, Plaintiff shall show good cause.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Request for Administrative Relief from Service Deadline (Doc. 9) is GRANTED; and
2. Plaintiff shall serve Defendants with the summons and complaint by no later than January 31, 2022.

IT IS SO ORDERED.

Dated:  **December 8, 2021**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE