UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADEL BALAHI dba ADEL'S SNACKS & MORE; THANH SMITH, Trustee of the REVOCABLE LIVING TRUST AGREEMENT OF THANH SMITH DATED THE 18TH DAY OF MAY, 1994,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01334-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFF'S SECOND REQUEST FOR ADMINISTRATIVE RELIEF FROM SERVICE DEADLINE**<br><br>(Doc. 15) |

Currently before the Court is Plaintiff Darren Gilbert's ("Plaintiff") second request to extend the time for service of the summons and complaint on Defendants Adel Balahi dba Adel's Snacks & More and Thanh Smith, Trustee of the Revocable Living Trust Agreement of Thanh Smith Dated the 18th Day of May, 1994. (Doc. 15.)

Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of the summons and complaint and provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, a showing of good cause requires the Court to grant an extension of time for service. *Id.* However, absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the

1

action without prejudice. *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the terms of the rule, the court's discretion is broad.").

Here, ninety (90) days have passed since Plaintiff filed the complaint on September 3, 2021, and summons issued on September 7, 2021. On December 8, 2021, at Plaintiff's request, the Court exercised its discretion to extend the service deadline to January 31, 2022. The Court noted that Plaintiff had not explained efforts made to effectuate service or otherwise identified the reasons for any delay in service. The Court instructed that in any further request for relief, Plaintiff must show good cause. (Doc. 10.)

Plaintiff now requests an additional sixty (60) days to effectuate service of the summons and complaint. Plaintiff explains that although its process server has confirmed that Defendant Thanh Smith was served by substituted service, Plaintiff has been unable to obtain the proof of service to file with the Court. Plaintiff also reports that despite diligently attempting to serve Defendant Adel Balahi in Merced, California, Plaintiff has not been able to effectuate service to date. Plaintiff's process server is still attempting to serve Defendant Adel Balahi. (Docs. 15, 15-1.)

Having considered the moving papers, the Court finds good cause to extend the deadline. In any future request for relief, Plaintiff must demonstrate good cause, including identification of specific efforts to serve Defendant Adel Balahi.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's Second Request for Administrative Relief from Service Deadline (Doc.15) is GRANTED; and
2. Plaintiff shall serve Defendant Adel Balahi with the summons and complaint by no later than April 1, 2022.

IT IS SO ORDERED.

Dated:   **February 3, 2022**          /s/ *Barbara A. McAuliffe*      _
                                             UNITED STATES MAGISTRATE JUDGE

2